Arrest on Out-of-District Offense

FILED

# UNITED STATES DISTRICT COURT

08 APR 30 AM 9:31

## SOUTHERN DISTRICT OF CALIFORNIA

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

### ARREST ON OUT-OF-DISTRICT OFFENSE

Magistrate Case Number: **'08 MJ 1351**

The person charged as Daniel Adams, II _____ now appears before this United States

District Court for an initial appearance as a result of the following charges having been filed in the United States

District Court for the _____ District of New Jersey _____

with   Conspiracy to Launder Proceeds of Drug Trafficking and to Structure Deposits _____ , in

violation of   Title 18, U.S.C. Sections 371, 1956, 982 and Title 31 U.S.C. 5324, 5317; and Title 18 U.S.C. Section 2

_____

_____

The charging documents and the warrant of the arrest of the defendant which was issued by the above

United States District Court are attached hereto.

I hereby swear under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

DATED: 4/29/08 _____ .

_____

Kirk Eleazer, Special Agent
(Name)
~~Deputy United States Marshal~~
DEA

Reviewed and Approved:

Dated: 4/29/08 _____

_____

Assistant United States Attorney

AO442(Rev. 3/17) Warrant for Arrest

---

## United States District Court
### District of New Jersey

---

## UNITED STATES OF AMERICA

## WARRANT FOR ARREST

v.

**DANIEL ADAMS, II**

**Case Number:** 08- 293 ( JEI )

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest <u>DANIEL ADAMS, II</u>
**and bring him or her forthwith to the nearest magistrate to answer a(n)**
__X__ Indictment __ Information __ Complaint __Order of court __Violation Notice __ Probation Violation Petition

charging him or her with (brief description of offense)

Money Laundering, Conspiracy and Structuring

in violation of Title <u>18</u>, United States Code, Section(s) <u>1956, 371 and 31 U.S.C. 5324</u>

<u>Joel Schneider</u>
**Name of Issuing Officer**

<u>United States Magistrate Judge</u>
**Title of Issuing Officer**

<u>Joel Schneider</u>
**Signature of Issuing Officer**

<u>April 22, 2008, Camden, New Jersey</u>
**Date and Location**

Bail fixed at $ _____ by _____

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at | | |
| _____ | | |
| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
| Date of Arrest | | |

04/22/2008  14:22  8569212478  CAMDEN RO  PAGE  03/32
Fax sent by : 8569604917  04-22-08 12:43p  Pg: 2/31
Case 3:08-mj-01351-NLS  Document 1  Filed 04/30/2008  Page 3 of 26

JMR/2002R01979

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :     Crim. No. 08- 2935(JEI)

      v.               :

▬▬▬▬▬▬▬      :

RICHARD LAWSON, and
DANIEL ADAMS, II        :

## SEALING ORDER

    This matter having come before the Court on the application of the United States of America (Jason M. Richardson, Assistant U.S. Attorney, appearing) for arrest warrants, and its concurrent application that the Indictment filed against the persons named in the warrant be filed under seal, based on a risk of flight and danger to witnesses, and for good cause shown,

    It is on this 22nd day of April 2008,

    ORDERED that, with the exception of copies of the arrest warrant, the Indictment upon which its issuance was based and all other papers related to the above-captioned matter be filed under, and are hereby sealed, until the arrest of the individual named in the warrant or until further order of this Court.

                           _____
                           HON. JOEL SCHNEIDER
                           UNITED STATES MAGISTRATE JUDGE

**FILED**

APR 22 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

04/22/2008 14:22 8563212478 CAMDEN RD PAGE 04/32
Case 3:08-mj-01351-NLS Document 1 Filed 04/30/2008 Page 4 of 26
Fax sent by : 8563684917 04-22-08 12:44p Pg: 3/31

JMR/2006R00246

RECEIVED
: IAM T. WALSH. CLERK

2008 APR 22 A II: 58

UNITED STATES
DISTRICT COURT

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA      :      Criminal No. 08-293 (JEI)

v.                            :


DANIEL ADAMS, II              :      18 U.S.C. §§ 371, 1956 and 982,
                                     31 U.S.C. §§ 5324, and 5317, and
                              :      18 U.S.C. § 2

### INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

### COUNT 1
**(Conspiracy to Launder Proceeds of Drug Trafficking and to Structure Deposits and Withdrawals to Avoid Reporting Requirements)**

At all times relevant to this Indictment:

Currency Reporting Requirements

1.      At all times relevant to this Indictment, Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 103.22(a), required that a financial institution, such as Bank of America, file a Currency Transaction Report ("CTR") with the United States Department of Treasury, providing specified information for each deposit, withdrawal, exchange of currency or other payment and transfer, by, through, or to such financial institution that involved a transaction in currency of more than $10,000.

The Defendants

At all times relevant to this Indictment:

2.      Defendant ████████████ was the ████████████████████████, a ████████████ in San Diego, California. ████████████ was also an agent of Western Union, a money

-1-

FILED.

APR 22 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

04/22/2008  14:22  8563212478     CAMDEN RO                    PAGE  05/32
Case 3:08-mj-01331-NLS    Document 1    Filed 04/30/2008    Page 5 of 26
Fax sent by : 8569604917                               04-22-88 12:44p   Pg: 4/31

transfer licensee. Western Union is a licensed money transmitting business.

3.      As a Western Union agent, defendant ▇▇▇▇▇▇▇▇ was trained by

representatives of Western Union regarding the CTR requirement of Title 31, United States

Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 103.22(a).

4.      As a Western Union agent, defendant ▇▇▇▇▇▇▇ was required to instruct

his employees at ▇▇▇▇▇▇ about the law concerning CTRs.

5.      Defendant RICHARD LAWSON was a resident of California and a citizen of

Jamaica.

6.      Defendant DANIEL ADAMS, II, was a resident of California.

The Co-Conspirators

7.      Co-conspirator #1, who is named as a co-conspirator but not as a defendant

herein, was a ▇▇▇▇▇▇▇▇

8.      Defendant ▇▇▇▇▇▇▇▇ delivered bulk quantities of marijuana to co-

conspirator #1, who illegally distributed that marijuana in and around Philadelphia, Pennsylvania

and southern New Jersey.

9.      To pay for that marijuana, co-conspirator #1 shipped United States currency by

private carrier to defendant ▇▇▇▇▇▇▇ in California.

10.     Co-conspirator #2, who is named as a co-conspirator but not as a defendant

herein, was a resident of Pennsylvania and a citizen of Jamaica.

a.      Co-conspirator #2 earned large amounts of money by trafficking marijuana

in and around Philadelphia and elsewhere.

b.      From at least tax year 2002 to at least tax year 2003, co-conspirator #2

-2-

04/22/2008 14:22 8563212478 CAMDEN RO PAGE 06/32
Case 3:08-mj-01351-NLS Document 1 Filed 04/30/2008 Page 6 of 26
Fax sent by : 8569684917 04-22-08 12:45p Pg: 5/31

filed no federal income tax returns.

11.    Co-conspirator #3, who is named as a co-conspirator but not as a defendant

herein, was a resident of Pennsylvania.

12.    Co-conspirator #3 maintained a premises in Pennsylvania where he stored

marijuana on behalf of co-conspirator #2.

Bank of America

13.    Bank of America is a national bank with branches in various cities across the

United States. Bank of America is a domestic financial institution within the meaning of Title

31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Sections

103.11 and 103.22(a).

The Conspiracy

14.    From in or about June 2005 to in or about January 2006, ████████████, in the

████████████, and elsewhere, the defendants,

████████████,
RICHARD LAWSON, and
DANIEL ADAMS, II,

for the purpose of evading the reporting requirements of Title 31, United States Code, Section

5313(a) and the regulations issued thereunder, did knowingly and willfully conspire and agree

with one another and with others to structure, assist in structuring, and attempt to structure and

assist in structuring, transactions with a domestic financial institution, namely Bank of America,

by causing a total of $624,500 in United States currency to be deposited in amounts of less than

$10,000, and a total of $424,470 in United States currency to be withdrawn, in amounts of less

than $10,000, all as part of a pattern of illegal activity involving more than $100,000 within a 12-

-3-

04/22/2008 14:32 8563212478
Fax sent by : 8569684917
Case 3:08-mc-01351-NLS   Document 1   CAMDEN RO   Filed 04/30/2008   Page 7 of 26   PAGE 07/32
04-22-08 12:45p   Pg: 6/31

month period, contrary to Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2).

Object of the Conspiracy

15.    It was the object of the conspiracy to structure cash deposits and withdrawals in amounts less than $10,000 at various Bank of America branches to avoid the CTR requirements.

Manner and Means of the Conspiracy

The Conspirators' Opening of Various Nominee Bank Accounts at Bank of America

16.    Defendant RICHARD LAWSON opened bank accounts at branches of Bank of America in California for the sham entities identified as: Foreclosure California Realty; Foreclosure Realty, LLC; Sihomara Corporation; Salton City Properties; and Abington Homes.

17.    From at least tax year 2001 to at least tax year 2005, defendant RICHARD LAWSON filed no federal income tax returns with the IRS.

18.    From at least tax year 2001 to at least tax year 2005, Foreclosure California Realty and Sihomara Corporation each reported to the IRS that they earned no income for each of those tax years.

19.    From at least tax year 2002 to at least tax year 2005, Salton City Properties, and Abington Homes each reported to the IRS that they earned no income for each said tax year.

20.    Defendant DANIEL ADAMS, II, opened bank accounts at branches of Bank of America in California for the sham entities identified as: Colton Property Management; Aphis Investments; and Shapiro Property Management.

21.    From at least tax year 2002 to at least tax year 2004, defendant DANIEL ADAMS, II filed no federal income tax returns with the IRS for each of those years.

22.    From at least tax year 2001 to at least tax year 2005, Colton Property

-4-

Management, Aphis Investments, and Shapiro Property Management all reported to the IRS that they earned no income for each of those years.

### The Deposits and Withdrawals of Structured Amounts of Drug-Trafficking Proceeds in the Nominee Accounts

23.    As described more fully below, during the time period covered by the Indictment, the defendants made structured deposits into, and structured withdrawals out of the Bank of America bank accounts identified above, of large sums of United States currency that were proceeds of marijuana trafficking.

24.    Beginning in or about 2004, defendant ▮▮▮▮▮▮▮▮▮▮ shipped or caused to be shipped large quantities of marijuana to co-conspirator #1.

25.    Co-conspirator #1 distributed that marijuana to various persons who resided in Pennsylvania, New Jersey and Delaware.

26.    Beginning in or about May 2005, defendant ▮▮▮▮▮▮▮▮▮▮ shipped or caused to be shipped large quantities of marijuana from California and elsewhere to various persons, including co-conspirators #2 and co-conspirator #3, in New Jersey, Pennsylvania and elsewhere.

27.    From on or about June 2005 to on or about January 2006, co-conspirator #2 periodically delivered cash proceeds (always in amounts in excess of $10,000, and usually in amounts between $60,000 and $100,000) derived from his marijuana-trafficking, to other co-conspirators. The total amount of those cash proceeds was approximately $624,500.

28.    Those other co-conspirators deposited the proceeds of co-conspirator #2's marijuana trafficking into the accounts identified above at Bank of America branches in ▮▮▮ ▮▮▮▮▮▮▮▮▮▮, and elsewhere. Those bank accounts were controlled by defendants

-5-

████████████, RICHARD LAWSON and DANIEL ADAMS, II.

29.    Those deposits were made in amounts of less than $10,000 in order to avoid the filing of a CTR.

30.    After the money was deposited into the Bank of America accounts identified above, defendants ████████████, RICHARD LAWSON, and DANIEL ADAMS II, withdrew that money from Bank of America branches in California. Each of those withdrawals were in amounts of less than $10,000 in order to avoid the filing of a CTR.

Overt Acts

31.    In furtherance of the conspiracy and to effect its unlawful object, the defendants and their co-conspirators committed and caused to be committed the following acts in the District of New Jersey and elsewhere:

a.    In or about August 2005, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts greater than $10,000 to pay for marijuana.

b.    Co-conspirator #1 divided that currency and made the following structured deposits into the following bank accounts at Bank of America branches in ██████████ and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 9/2/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 9/3/2005 | | | 5,000 |
| | 9/3/2005 | | | 4,000 |
| 9/2/2005 | | ██████████ | ██████████ | 9,000 |
| 9/6/2005 | | Shapiro Property Management | Daniel Adams, II | 9,000 |
| | 9/7/2005 | | | 4,800 |
| | 9/7/2005 | | | 4,000 |
| 9/9/2005 | | Shapiro Property Management | Daniel Adams, II | 9,000 |
| | 9/10/2005 | | | 5,100 |
| | 9/10/2005 | | | 4,000 |
| 9/9/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 9/9/2005 | | Aphis Investments | Daniel Adams, II | 9,000 |
| | 9/10/2005 | | | 4,000 |
| | 9/12/2005 | | | 5,000 |
| 9/9/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 9/10/2005 | | | 5,000 |
| | 9/10/2005 | | | 4,000 |
| 9/9/2005 | | Foreclosure Realty, LLC | | 9,000 |
| 9/15/2005 | | ██████████ | ██████████ | 9,000 |

      c.     In or about September 2005, co-conspirator #2 gave co-conspirator #1

United States Currency in amounts in excess of $10,000 to pay for marijuana.

      d.     Co-conspirator #1 divided that currency and made the following deposits

into the following accounts at Bank of America branches in ████████ and elsewhere, and

other conspirators made the following withdrawals from those accounts at Bank of America

branches in California:

-7-

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 9/27/2005 | | Shapiro Property Management | Daniel Adams, II | 9,000 |
| | 9/29/2005 | | | 4,000 |
| | 9/29/2005 | | | 4,700 |
| 9/27/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| | 9/28/2005 | | | 8,000 |
| 9/28/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 9/29/2005 | | | 5,000 |
| | 9/29/2005 | | | 3,900 |
| 9/28/2005 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 10/3/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| | 10/5/2005 | | | 8,500 |
| 10/3/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 10/5/2005 | | | 5,000 |
| | 10/5/2005 | | | 3,900 |
| 10/3/2005 | | Aphis Investments | Daniel Adams, II | 9,000 |
| | 10/5/2005 | | | 5,000 |
| | 10/5/2005 | | | 3,900 |
| 10/3/2005 | | Shapiro Property Management | Daniel Adams, II | 9,000 |
| | 10/5/2005 | | | 5,000 |
| | 10/5/2005 | | | 3,700 |

      e.      In or about October 2005, co-conspirator #2 gave co-conspirator #1 United

States Currency in amounts in excess of $10,000 to pay for marijuana.

      f.      Co-conspirator #1 divided that currency and made the following deposits

into the following  accounts at Bank of America branches in ▬▬▬▬ and elsewhere, and

-8-

other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 11/18/2005 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 11/21/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 11/22/2005 | | | 5,000 |
| | 11/22/2005 | | | 3,800 |
| 11/21/2005 | | Shapiro Property Management | Daniel Adams, II | 9,000 |
| | 11/22/2005 | | | 4,000 |
| | 11/22/2005 | | | 4,800 |
| 11/21/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 11/23/2005 | | ▬▬▬▬ | ▬▬▬▬ | 9,000 |
| 11/23/2005 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 11/29/2005 | | Shapiro Property Management | Daniel Adams, II | 8,000 |
| | 11/30/2005 | | | 4,000 |
| | 11/30/2005 | | | 4,020 |

     g.    In or about December 2005, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts in excess of $10,000 to pay for marijuana.

     h.    Co-conspirator #1 divided that currency and made the following deposits into the following accounts at Bank of America branches in ▬▬▬▬ and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 12/20/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 12/22/2005 | | | 5,000 |
| | 12/22/2005 | | | 4,000 |
| 12/21/2005 | | Shapiro Property Management | Daniel Adams, II | 9,020 |
| | 12/22/2005 | | | 5,000 |
| | 12/22/2005 | | | 3,500 |
| 12/21/2005 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 12/22/2005 | | ███████ | ██████ | 8,980 |
| 12/28/2005 | | Colton Property Management | Daniel Adams, II | 9,000 |
| 12/28/2005 | | Foreclosure Realty, LLC. | Richard Lawson | 9,000 |
| 12/30/2005 | | ███████ | ██████ | 9,000 |

       i.     In or about January 2006, co-conspirator #2 gave co-conspirator #1 United States Currency in amounts in excess of $10,000 to pay for marijuana.

       j.     Co-conspirator #1 divided that currency and made the following deposits into the following accounts at Bank of America branches in ███████ and elsewhere, and other conspirators made the following withdrawals from those accounts at Bank of America branches in California:

-10-

04/22/2008 09:33  8569321478             CAMDEN PD                    PAGE  14/32
Fax sent by : 8569604917                             04-22-08 12:47p     Pg: 13/31

| Deposit Date | Withdrawal Date | Account Title | Account Owner | Amount of Transaction |
|---|---|---|---|---|
| 1/9/2006 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 1/11/2006 | | | 5,000 |
| | 1/11/2006 | | | 4,000 |
| 1/9/2006 | | Shapiro Property Management | Daniel Adams, II | 9,000 |
| | 1/11/2006 | | | 5,000 |
| | 1/11/2006 | | | 3,900 |
| 1/9/2006 | | Foreclosure Realty, LLC | Richard Lawson | 9,000 |
| 1/9/2006 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 1/13/2006 | | Foreclosure California Realty, Inc. | Richard Lawson | 9,000 |
| 1/17/2006 | | Colton Property Management | Daniel Adams, II | 9,000 |
| | 1/18/2006 | | | 5,000 |
| | 1/18/2006 | | | 4,000 |

     k.     From in or about August 2005 to December 2005, co-conspirator #1 made approximately five structured deposits of United States currency, in amounts ranging between $8,000 and $9,000, into the account of defendant ███████████ totaling approximately $44,980. That currency, which represented the proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-conspirator #2.

     l.     From in or about June 2005 to January 2006, co-conspirator #1 made approximately seven structured deposits of United States currency, in amounts ranging between $9,000 and $9,500, into the account of Foreclosure Realty, LLC, which was controlled by defendant RICHARD LAWSON, totaling approximately $63,500. That currency, which represented the proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-

-11-

conspirator #2.

    m.  From in or about August 2005 to January 2006, co-conspirator #1 made

approximately 10 structured deposits of United States currency, in amounts ranging between

$9,000 and $9,500, into the account of Foreclosure California Realty, Inc., which was controlled

by defendant RICHARD LAWSON, totaling approximately $91,000. That currency, which

represented the proceeds from the sale of marijuana, was provided by co-conspirator #2.

    n.  From in or about August 2005 to October 2005, co-conspirator #1 made

approximately five structured deposits of United States currency, in amounts ranging between

$9,000 and $9,500, into the account of Aphis Investments, which was controlled by defendant

DANIEL ADAMS, II totaling approximately $46,500. That currency, which represented the

proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-conspirator #2.

    o.  From in or about August 2005 to January 2006, co-conspirator #1 made

approximately 13 structured deposits of United States currency, in amounts ranging between

$9,000 and $9,500, into the account of Colton Properties, which was controlled by defendant

DANIEL ADAMS, II totaling approximately $119,000. That currency, which represented the

proceeds from the sale of marijuana, was provided to co-conspirator #1 by co-conspirator #2.

    p.  From in or about August 2005 to January 2006, co-conspirator #1 made

approximately 10 structured deposits of United States currency, in amounts ranging between

$8,000 and $9,500, into the account of Shapiro Property Management, which was controlled by

defendant DANIEL ADAMS, II, totaling approximately $90,020. That currency, which

represented the proceeds from the sale of marijuana, was provided by co-conspirator #2.

   In violation of Title 18, United States Code, Section 371.

-12-

## COUNTS 2 to 6
### (Structuring Deposits to Avoid Reporting)

1.      Paragraphs 1 through 13 and 15 through 31 of Count 1 are incorporated as if set forth at length herein.

2.      On or about the dates set forth below, in Camden County, in the District of ███

███ and elsewhere, the defendant,

### RICHARD LAWSON,

for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) with respect to such transactions, knowingly structured, assisted in structuring, and attempted to structure and assist in structuring, transactions with a domestic financial institution, namely Bank of America, by causing United States currency to be deposited in amounts of less than $10,000, including the following:

| Count | Transaction Type | Date | Amount |
|---|---|---|---|
| 2 | Deposit | 8/17/2005 | 9,500 |
| | | 8/19/2005 | 9,500 |
| | | 8/23/2005 | 9,500 |
| | | | |
| 3 | Deposit | 9/9/2005 | 9,000 |
| | | 9/9/2005 | 9,000 |
| | | | |
| 4 | Deposit | 9/27/2005 | 9,000 |
| | | 10/3/2005 | 9,000 |
| | | | |
| 5 | Deposit | 11/18/2005 | 9,000 |
| | | 11/21/2005 | 9,000 |
| | | 11/23/2005 | 9,000 |

-13-

| 6 | Deposit | 1/9/2006 | 9,000 |
|---|---------|----------|-------|
|   |         | 1/9/2006 | 9,000 |
|   |         | 1/13/2006 | 9,000 |

3.      Defendant RICHARD LAWSON committed these acts of structuring as part of a

pattern of illegal activity involving more than $100,000 within a 12-month period.

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); and

Title 18, United States Code, Section 2.

-14-

04/22/2008 14:22 8563212478
Fax sent by : 8569804917
Case 3:08-mj-01351-NLS    Document 1    Filed 04/30/2008    Page 18 of 26    PAGE 18/32
CAMDEN PD
04-22-08 12:49p    Pg: 17/31

## COUNTS 7 to 13
### (Structuring Deposits to Avoid Reporting)

     1.     Paragraphs 1 through 13 and 15 through 31 of Count 1 are incorporated as if set forth at length herein.

     2.     On or about the dates set forth below, in Camden County, in the District of ████

████, and elsewhere, the defendant,

### DANIEL ADAMS, II,

for the purpose of evading the reporting requirements of Title 31, United States Code, Section

5313(a) with respect to such transactions, knowingly structured, assisted in structuring, and

attempted to structure and assist in structuring, transactions with a domestic financial institution,

namely Bank of America, by causing United States currency to be deposited in amounts of less

than $10,000, including the following:

| Count | Transaction Type | Date | Amount |
|-------|------------------|------|--------|
| 7 | Deposit | 8/16/2005 | 9,500 |
|   |   | 8/18/2005 | 9,500 |
|   |   | 8/19/2005 | 9,500 |
|   |   | 8/19/2005 | 9,500 |
|   |   |   |   |
| 8 | Deposit | 8/22/2005 | 9,500 |
|   |   | 8/22/2005 | 9,500 |
|   |   | 8/23/2005 | 9,500 |
|   |   | 8/23/2005 | 9,500 |
|   |   | 8/24/2005 | 9,500 |
|   |   |   |   |
| 9 | Deposit | 9/2/2005 | 9,000 |

-15-

|    |         |            |        |
|----|---------|------------|--------|
|    |         | 9/6/2005   | 9,000  |
|    |         | 9/9/2005   | 9,000  |
|    |         | 9/9/2005   | 9,000  |
|    |         | 9/9/2005   | 9,000  |
|    |         |            |        |
| 10 | Deposit | 9/27/2005  | 9,000  |
|    |         | 9/28/2005  | 9,000  |
|    |         | 10/3/2005  | 9,000  |
|    |         | 10/3/2005  | 9,000  |
|    |         | 10/3/2005  | 9,000  |
|    |         |            |        |
| 11 | Deposit | 11/21/2005 | 9,000  |
|    |         | 11/21/2005 | 9,000  |
|    |         |            |        |
| 12 | Deposit | 12/20/2005 | 9,000  |
|    |         | 12/21/2005 | 9,020  |
|    |         | 12/28/2005 | 9,000  |
|    |         |            |        |
| 13 | Deposit | 1/9/2006   | 9,000  |
|    |         | 1/9/2006   | 9,000  |

3.    Defendant DANIEL ADAMS, II, committed these acts of structuring as part of a pattern of illegal activity involving more than $100,000, namely approximately $235,520 in deposits, within a 12-month period.

In violation of Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); and Title 18, United States Code, Section 2.

-16-

## COUNT 14
### (Conspiracy to Engage in Money Laundering)

1.      Paragraphs 1 through 13 and 15 through 31 of Count 1 are incorporated as if set forth at length herein.

2.      From in or about June 2005 to in or about January 2006, in ▮▮▮▮▮▮▮▮▮▮ in the District of ▮▮▮▮▮▮▮ and elsewhere, the defendants,

**▮▮▮▮▮▮▮▮▮▮▮**
**RICHARD LAWSON, and.**
**DANIEL ADAMS, II,**

did knowingly conspire and agree with each other and with co-conspirator #1 and co-conspirator #2, individuals known to the grand jury, and with others to conduct financial transactions affecting interstate commerce, that is, the deposit and withdrawal of money, which involved the proceeds of a specified unlawful activity, that is, the distribution of marijuana conducted in violation of Title 21 United States Code, Sections 841 and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and (1) with the intent to promote the carrying on of specified unlawful activity, namely, drug distribution, (2) knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, namely, drug distribution, and (3) knowing that the transaction was designed, in whole or in part, to avoid a transaction reporting requirement under Federal law, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i), (a)(1)(B)(i), and (a)(1)(B)(ii).

-17-

## Manner and Means of the Conspiracy

3.   It was part of the conspiracy that co-conspirators sent illegal narcotics from California and elsewhere to ████████████ for distribution.

4.   It was part of the conspiracy that co-conspirators sold the illegal narcotics in the United States.

5.   It was part of the conspiracy that co-conspirators delivered large amounts of United States currency that was narcotics trafficking proceeds to co-conspirator #1.

6.   It was part of the conspiracy that this currency was deposited into the Bank of America accounts controlled by defendants ████████████, RICHARD LAWSON and DANIEL ADAMS, II by co-conspirator #1 and others.

7.   It was part of the conspiracy that on numerous occasions after the currency was deposited into the Bank of America accounts, defendants ████████████, RICHARD LAWSON and DANIEL ADAMS, II, and others acting on their behalf, withdrew the funds in the form of cash in an effort to further conceal and disguise the nature, location, source, ownership, and control of the funds.

In violation of Title 18, United States Code, Section 1956(h).

# FIRST FORFEITURE ALLEGATION

1.    The grand jury realleges and incorporates by reference the allegations contained in all paragraphs of Counts 1 through 13 of the Indictment for the purpose of noticing forfeitures pursuant to Title 31, United States Code, Section 5317(c)(1).

2.    The currency described in Counts 1 through 13 is property involved in offenses in violation of Title 31, United States Code, Section 5324, as alleged in this Indictment. All property, real and personal, involved in the offenses charged in this Indictment, and any property traceable to that property, is subject to forfeiture to the United States pursuant to Title 31, United States Code, Section 5317(c)(1). That forfeitable property includes, but is not limited to, $624,500 in United States currency and all property traceable thereto, in that such sum in aggregate is property which was involved in an offense in violation of Title 31, United States Code, Section 5324, and is traceable to such property.

3.    As a result of the offenses alleged in Counts 1 through 13 of this Indictment, the defendant shall pay to the United States a money judgment equal to $ 624,500, that represents the value of the assets subject to forfeiture under paragraph 2.

4.    If by any act or omission of the defendant any of the property subject to forfeiture described in paragraph 2 herein—

    a.    cannot be located upon the exercise of due diligence,

    b.    has been transferred or sold to, or deposited with, a third party,

    c.    has been placed beyond the jurisdiction of the court,

    d.    has been substantially diminished in value, or

    e.    has been commingled with other property which cannot be subdivided

without difficulty, it is the intent of the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), to seek forfeiture of any other property of the defendant up to the value of the

property described above in paragraph 2.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31,

United States Code, Sections 5317(c)(1).

## SECOND FORFEITURE ALLEGATION

1. The Grand Jury realleges and incorporates by reference the allegations contained in all paragraphs of Count 14 of this Indictment for the purpose of noticing forfeitures pursuant to Title 18, United States Code, Section 982.

2. The currency described in Count 14 is property involved in an offense in violation of Title 18, United States Code, Section 1956, as alleged in this Indictment. All property, real and personal, involved in the offense charged in Count 14 of this Indictment, and any property traceable to that property, is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a). That forfeitable property includes, but is not limited to:

    a. A sum of money equal to $455,000 in United States currency, and all property traceable thereto.

3.    If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party,

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the property described above in paragraph 2.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b).

-21-

A TRUE BILL

_Ramona Rodriguez_

FOREPERSON


_Christopher J. Christie_

CHRISTOPHER J. CHRISTIE
United States Attorney

04/22/2008 Case 2:08-mj-08012-JLS Document 1 Filed 04/30/2008 Page 26 of 26 PAGE 26/32
Fax sent by : 8569684917
04-22-08 12:51p Pg: 25/31

CASE NUMBER: _____

# United States District Court
## District of New Jersey

## UNITED STATES OF AMERICA
v.

**DANIEL ADAMS,
RICHARD LAWSON, and
DANIEL ADAMS, II**

# INDICTMENT FOR

18 U.S.C. § 371
18 U.S.C. § 1956
31 U.S.C. § 5324

A True Bill,

_Ramona Kitchen_
**Foreperson**

**CHRISTOPHER J. CHRISTIE**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

**JASON M. RICHARDSON**
*ASSISTANT U.S. ATTORNEY*
856-757-5026

USA-48AD B
(Ed. 1/97)